UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRI A. BONANO | * | CIVIL ACTION |
| VERSUS | * | NO. 19-14764 |
| JAMES RIVER INSURANCE COMPANY | * | SECTION "I" (2) |

**ORDER AND REASONS**

Non-party Guardian Care, LLC's Motion to Quash Subpoena Duces Tecum (ECF No. 24) is pending before me in this matter. Defendant James River Insurance Company filed a timely Opposition Memorandum. ECF No. 31. Having considered the record, the arguments of counsel, and the applicable law, movant's motion to quash is DENIED, but the Subpoena Duces Tecum is MODIFIED, for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff Jerri Bonano filed this personal injury action against Defendant James River Insurance Company seeking to recover under its uninsured/underinsured motorist policy for injuries sustained in a rear-end car accident on November 2, 2018. ECF No. 1-1. Plaintiff received policy limits from the driver of the other vehicle (Sharon Simmons) and/or her insurer (State Farm Mutual Automobile Insurance Company). ECF No. 1, ⁋10.

Defendant issued a subpoena duces tecum to Guardian Care, LLC seeking five categories of documents. Guardian filed this Motion to Quash with respect to two categories, specifically:

> 4. Complete fee schedules for all services offered by Dr. Eric I. Royster, including but not limited to charges for medical care and fees for expert consulting and expert testimony, and complete fee schedules for all services provided by Guardian Care;
>
> 5. A full copy of all charges to Charles Ciaccio's office and/or the Law Office of Frank D' Amico relative to the above-captioned matter (i.e., relative to Jerri Angela Bonano) and documentation of all financial arrangements with Charles Ciaccio's office and/or the Law Office of Frank D' Amico for the above-captioned case (i.e.,

1

>relative to Jerri Angela Bonano), as well as all other cases/matters involving the Law Office of Frank D'Amico in the past ten (10) years.

Movant argues that these requests seek information that is not relevant to the pending case, are overly broad, and are unduly burdensome because the information sought does not relate to the nature or extent of plaintiff's injuries or medical treatment provided to her. ECF No. 24-1, at 1-2.

Defendant argues that the Motion to Quash should be denied because the information sought is not only relevant but admissible at trial to call into question the credibility of the treating physician and on the issue of bad faith or reasonableness of medical charges, arguing plaintiff incurred excessive medical charges for purposes of inflating potential recovery. ECF No. 31, at 1-2. Defendant also contends that plaintiff's doctor testified that he runs most of his "patients in litigation" through Guardian Care and its preferred surgical center and runs most of his other patients through Integrated Pain and Neuroscience and Alliance surgery center, and Defendant's expert on reasonable medical charges will opine that Plaintiff's charges exceed reasonable charges. *Id*. at 2. Defendant also argues that the information is relevant to its failure to mitigate damages defense. *Id*. at 3-4.

## II.     APPLICABLE LAW

Third-party subpoenas are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.[1] Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Court must

---

[1] *In re Application of Time, Inc.*, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd,* 209 F.3d 719 (5th Cir. 2000).

limit discovery that "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[2] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[3] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[4] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[5] If relevance is in doubt, the court should be permissive in allowing discovery.[6]

In addition, Rule 45 provides additional protections when subpoenas duces tecum are issued to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3). The Court may also modify or quash a subpoena that

---

[2] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[3] *Id.* n.5 (citation and quotation omitted).
[4] *Id.* (citations omitted).
[5] *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[6] *E.E.O.C. v. Simply Storage Management, L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Systems Corp. v. Hydro–Air Engineering, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). Generally, modification of a subpoena is preferable to quashing it outright.[7] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[8]

The person filing the motion to quash has the burden of proof to demonstrate that compliance would impose undue burden or expense.[9] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[10] "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."[11] "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[12]

### III.  ANALYSIS

Movant does not argue that the subpoena duces tecum should be quashed for lack of reasonable compliance time, for exceeding geographical limitations, or because it requires

---

[7] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Tiberi v, CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing....").
[8] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).
[9] *See Wiwa*, 392 F.3d at 818; *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).
[10] Wiwa, 392 F.3d at 818 (internal citations omitted).
[11] *Id.* (internal citations and quotation marks omitted).
[12] *Id.* (internal citations omitted).

disclosure of privileged or other protected matter.  Rather, movant relies solely on the basis of relevance and burden, arguing that Request Nos. 4 and 5 are overbroad and unduly burdensome because they requests seek "documents and information that have nothing to do with the nature and extent of injuries and medical treatment received by plaintiff . . . ." ECF No. 24, ⁋3.  Although not expressly argued, movant's motion to quash implicates Louisiana's collateral source rule.

The collateral source rule "bars a tortfeasor from reducing the damages it owes to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor."[13]  The collateral source rule applies only to benefits that the plaintiff "paid for ... or suffered some diminution in his or her patrimony because of the availability of the benefit, such that no actual windfall or double recovery would result from application of the rule."[14]  Because a jury is not permitted to reduce a plaintiff's damages because of certain types of collateral benefits, the collateral source rule also "operates to exclude evidence of collateral benefits because it may unfairly prejudice the jury."[15]

Not all benefits to the plaintiff, however, fall within the collateral source rule.  Determining whether a payment is barred by the collateral source rule requires an analysis of the specific nature of the payment.  For instance, evidence of insurance payments is covered by the collateral source rule.  *Bozeman v. State,* 879 So. 2d 692, 698 (La. 2004) ("The collateral source rule has been applied to a variety of factual circumstances, although it typically applies to tort cases involving insurance payments or other benefits."). On the other hand, the collateral source rule does not apply to "attorney-negotiated write-offs or discounts for medical expenses obtained as a product of the litigation process." *Hoffman*, 209 So. 3d at 706.

---

[13] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008) (internal quotations omitted).
[14] *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So. 3d 702, 706 (La. 2015) (citations omitted).
[15] *Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 794 n.7 (5th Cir. 2003).

Further, even if the evidence falls within the collateral source rule, evidence of collateral sources of funds may be admissible in certain situations "for a limited purpose if there is little risk of prejudice and the court gives the jury a limiting instruction."[16] For that reason, in *Thomas v. Chambers*, No. 18-4373, 2019 WL 8888169 (E.D. La. Apr. 26, 2019) (Vance, J.), and *Collins v. Benton*, ___ F. Supp. 3d ___ (E.D. La. 2020), 2020 WL 3618984 (Brown, C.J.), the courts denied motions in limine to exclude a medical bills auditor's testimony as to the reasonableness of medical bills. Both judges recognized that the medical bill auditor's evidence is not admissible if used solely to suggest to the jury that plaintiff's past medical expenses should be reduced because the charges are unreasonably high for the treatment plaintiff received, but such evidence could be admitted when the defense seeks to establish that plaintiff incurred treatment in bad faith or used for impeachment purposes where the medical provider sold plaintiff's bills to a third party funder at a substantially discounted price. The medical auditor's testimony would be relevant to impeach the treating physician because the arrangement between the physician and the third party funding company could be "extremely lucrative" for the physician, suggesting that the treating physician has a substantial financial interest in plaintiffs winning their cases and receiving more referrals from the third party funder.[17]

Based on *Thomas* and *Collins*, the categories of information sought via items Nos. 4 and 5 of the subpoena duces tecum are not only relevant, but may ultimately be admissible at trial depending on whether that information is relevant for impeachment and/or to establish bad faith.

---

[16] *Id.*; *Snider v. N.H. Ins. Co.*, No. 14-2132, 2016 WL 9412608, at *1 (E.D. La. Oct. 27, 2016) (noting that evidence of collateral sources of medical payments would be admissible for impeaching plaintiff); *Dumas v. Harry*, 638 So. 2d 283, 286 (La. App. 5th Cir. 1994) (collateral source evidence is admissible to impeach the credibility of a witness).
[17] *Thomas*, 2019 WL 8888169 at *14; *Collins*, 2020 WL 3618984 at *7; *see also ML Healthcare Services v. Publix Super Markets*, 881 F.3d 1293 (11th Cir. 2018) (denying motion in limine to exclude evidence related to third party company that referred plaintiff to treating physician and purchased her medical debt at discounted rate).

The particular requests are, however, overly broad and seek information beyond that which may be relevant to bad faith or used for impeachment purposes.

For instance, the subpoena duces tecum item 4 seeks "[c]omplete fee schedules for all services offered by Dr. Eric I. Royster, including but not limited to charges for medical care and fees for expert consulting and expert testimony, and complete fee schedules for all services provided by Guardian Care." To the extent that Defendant seeks fee schedules for Dr. Royster and Guardian Care for procedures, tests, or other services not rendered to Plaintiff, such information has no conceivable relevance to any claim or defense. Accordingly, Movant need only produce fee schedules for Dr. Royster and/or Guardian Care for the particular procedures, tests or other services provided to Plaintiff as well as rates for expert and consulting expert testimony.

Likewise, item 5 seeks "[a] full copy of all charges to Charles Ciaccio's office and/or the Law Office of Frank D'Amico relative to the above-captioned matter (i.e., relative to Jerri Angela Bonano) and documentation of all financial arrangements with Charles Ciaccio's office and/or the Law Office of Frank D'Amico for the above-captioned case (i.e., relative to Jerri Angela Bonano), as well as all other cases/matters involving the Law Office of Frank D'Amico in the past ten (10) years." Under the Louisiana Supreme Court's decision in *Hoffman*, the collateral source rule does not apply to "attorney-negotiated write-offs or discounts for medical expenses obtained as a product of the litigation process." Therefore, Defendant is entitled to all charges/billing information relating to Plaintiff as well as any negotiated discounts between her attorneys and her physicians. To the extent that the request seeks documentation of all financial arrangements between plaintiff's counsel and her physician for the last ten years for any other client matters, however, the request is overbroad. Defendant is not entitled to the detailed billing information

7

regarding medical services provided by plaintiff's physician to her attorneys' other clients for a ten year period. At this point, Defendants are entitled to information regarding the number of clients that her attorneys have referred to her treating physician at negotiated discounts insofar as such information may be used for impeachment purposes because, like third party funders, the arrangement between her physician and counsel could be "extremely lucrative" for the physician, suggesting that the treating physician has a substantial financial interest in plaintiff winning her case and receiving more referrals from her counsel.

### IV. CONCLUSION

Movant seeks to quash Defendant's subpoena duces tecum because the information sought is not relevant to plaintiff's injuries or related medical treatments. The test for relevance during discovery, however, is not so limited. In discovery, relevant information includes not only information that is relevant to a plaintiff's claim but also evidence that is relevant to defendant's defenses. Defendant argues that it seeks information about plaintiff's treating physician's different rates for "patients in litigation" versus non-litigation patients and plaintiff's treating physician's relationship with plaintiff's counsel and/or their litigation funding company. Insofar as such information may be admissible on the issue of bad faith and/or as impeachment evidence, the information is discoverable. The subpoena duces tecum is, however, overly broad and must be modified as set forth herein.

Accordingly, for the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Quash (ECF No. 24) is DENIED, but the Subpoena Duces Tecum is modified as stated herein.

New Orleans, Louisiana, this 20th day of October, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE